# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **RONALD MAGBY,** | ) | **CASE NO. 1:22 CV 00019** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAVID A. RUIZ** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **WARDEN DOUGLAS A. FENDER,** | ) | **ORDER** |
| *et al..,* | ) | |
| | ) | |
| **Defendants.** | ) | |

*Pro se* plaintiff Ronald Magby, an inmate in the Lake Erie Correctional Institution ("LAECI"), filed this fee-paid civil rights complaint and request for injunction under 42 U.S.C. § 1983 against ten defendants: Douglas A. Fender, Warden; Dr. Swanson, Advance Level Provider; Gillespie, Chief Medical Officer; Ms. L. Witt, Medical Administrator; Shirley Christian, Mahoning County Common Pleas Court Judge; Annette Chambers-Smith, Ohio Department of Rehabilitation and Correction ("ODRC") Director; Cheryl Williams, State Medical Director; Ms. Reberra, Medical Director; Ms. Akien, medical doctor; and Jerry Greene, Mahoning County Sheriff. (Doc. No. 1). Plaintiff contends that the defendants' inadequate medical care or treatment demonstrated a deliberate indifference to his serious medical needs and has therefore subjected him to cruel and unusual punishment.

Plaintiff seeks monetary and injunctive relief.

## I. Background

According to the complaint, Plaintiff sustained serious injuries on November 24, 2015, prior to his incarceration. He was life-flighted to a hospital in Akron, Ohio, where he was treated for third-degree burns. Thirty days later, he was charged criminally for the incident related to his injuries. (Doc. No. 1 at 12). He was sentenced, convicted, and transported on January 18, 2017 to Lorain Correctional Institution, were he stayed for two months. Thereafter, he was transported to LAECI, where he is currently incarcerated. (*Id.* at 13).

Plaintiff's complaint contains very few factual allegations. He states that he received treatment for his burns while in Akron, and "Dr. Andrews" determined that Plaintiff required surgery. According to Plaintiff, Judge Christian "denied the doctor's orders." (*Id.* at 12). Plaintiff maintains that he did not receive surgery while incarcerated at Lorain Correctional Institution, and while at LAECI, he received "minimal treatment." (*Id.* at 13). Attached to Plaintiff's complaint is an affidavit in which he avers that he is in "dire need of serious medical care/surgery" for the removal of "pathogens" located behind his ears, on his neck, on his face, and on his chest, which may become cancerous if not removed. (*Id.* at 17). Plaintiff states that he has filed numerous kites/informal complaints informing the LAECI staff of his serious medical needs, and he attaches copies of several kites. These kites/informal complaints indicate that Plaintiff has been receiving treatment from LAECI's medical staff. (*See* Doc. No. 1-4).

Plaintiff alleges in a general, conclusory fashion that "each … defendant[] was involved and caused [him] harm that violated" his Eighth Amendment rights. (Doc. No. 1 at 10). Specifically, he alleges the following: Judge Christian failed to intervene in his medical care; Sheriff Greene failed to intervene on his behalf while Plaintiff was in his custody; Director Chambers-Smith failed to have her medical staff report ongoing medical cases; Warden Fender

is "in charge of the institution and is responsible for failure to intervene and act upon [Plaintiff's] safety"; and Medical Administrator Witt "acted with deliberate indifference to Plaintiff-Magby's 'serious medical' needs for failure to intervene and act/provide adequate medical care …" Plaintiff merely lists defendants Williams, Swanson, Reberra, Gillespie but includes no specific allegations against them. And Plaintiff identifies Ms. Akien as a defendant in the case caption but fails to include her in the body of the complaint. (*Id.* at 10-11).

On September 19, 2018, Plaintiff filed a complaint in the Ashtabula County Court of Common Pleas for preliminary injunction/temporary restraining order against the LAECI's Warden, the former ODRC Director, Sheriff Greene, Ms. Witt, Dr. Swanson, Ms. Reberra, Ms. Gillespie, and Ms. Williams, among others, alleging an Eighth Amendment violation based on their failure to intervene and provide him with adequate medical treatment for his injuries sustained in 2015. *See Magby v. Sloan*, 2019 Ohio App. LEXIS 4392 (Ohio Ct. App. Oct. 21, 2019). The factual allegations in the complaint filed in Ashtabula County is virtually identical to the complaint filed here. *See id.* at * 3-5. The trial court dismissed Plaintiff's complaint, and the Eleventh District Court of Appeals affirmed in part, reversed in part, and remanded for further proceedings. *Id.* at * 1-2. The Eleventh District determined that Plaintiff fairly stated a deliberate indifference claim against Plaintiff's medical providers (Witt, Swanson, Reberra, Gillespie, and Williams) as Plaintiff demonstrated these individuals had direct contact with Plaintiff "and/or addressed complaints raised by [Plaintiff] through kites and other communications." *Id.* at * 15. The Eleventh District found, however, that Plaintiff failed to state a claim against those individuals who were not specifically associated with Plaintiff's health care and safety (the ODRC Director, Sheriff Greene, the deputy wardens, and the warden). The court determined that Plaintiff failed to satisfy the subjective element of a deliberate indifferent claim against these

administrative officials and Plaintiff cannot state a claim against these individuals for vicarious liability. *Id.* at * 15-16.

On remand, the trial court granted summary judgment in favor of Plaintiff's medical providers, stating that the evidence demonstrates Plaintiff's medical needs "were being addressed appropriately" and "[e]verything before the court shows plaintiff was receiving continued treatment before and during the pendency of this lawsuit. Plaintiff has not been denied appropriate medical care." *See Magby v. Sloan*, 2021 Ohio App. LEXIS 3103, at * 5-6 (Ohio Ct. App. Sept. 13, 2021). The Eleventh District Court of Appeals affirmed the trial court's decision. *Id.* at * 11. It does not appear that Plaintiff appealed this decision to the Ohio Supreme Court.

## II.  Standard of Review

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the Court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 U.S. App. LEXIS 1494, at *5 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the

pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

When reviewing a complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing Sistrunk, 99 F.3d at 197 (6th Cir. 1996)). The courts, however, are not required to conjure unpleaded facts or construct claims against defendants on behalf of a pro se plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

### III.  Analysis

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging Defendants' inadequate medical care subjected him to cruel and unusual punishment in violation of the Eighth Amendment. To establish a violation under § 1983, a plaintiff must show that a person acting under color of state law deprived him or her of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).

### A.  Judge Christian

As an initial matter, any claims against Judge Christian must fail. Judicial officers generally are absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir.

1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only when (1) the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. A judge will be not deprived of immunity even if the action at issue was performed in error, done maliciously, or exceeded his authority. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).

Here, Plaintiff objects to Judge Christian's apparent decision to "den[y] doctor's orders for [Plaintiff] to continue treatment" while incarcerated in the Mahoning County Jail pending court hearings. (Doc. No. 1 at 10). Decisions concerning pending motions, pretrial proceedings, and evidence are all actions typically performed by judges in criminal matters. Plaintiff has not established that Judge Christian acted clearly outside of the subject matter jurisdiction of the court over which the judge presides. Judge Christian is therefore absolutely immune from damages in this action.

### B. Warden Fender, ODRC Director Chambers-Smith, Sheriff Greene, and Ms. Akien

Additionally, Plaintiff's complaint fails to state a claim on which relief can be granted against Warden Fender, ODRC Director Chambers-Smith, and Sheriff Greene. To hold an individual defendant liable under § 1983, a plaintiff must allege "personal involvement" in the alleged unconstitutional conduct. *See Grinter*, 532 F.3d at 575 (personal involvement is required to incur liability under § 1983). It is a basic pleading requirement that a plaintiff must attribute specific factual allegations to particular defendants. *Twombly*, 550 U.S. at 555 (holding that, to

state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Moreover, it is well established that liability may not be imposed under §1983 solely on the basis of respondeat superior. *See Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); *Hill v. Marshall*, 962 F.2d 1209, 1213 (6th Cir. 1992). Rather, § 1983 liability must be premised on a defendant's own, "active unconstitutional behavior" and not a mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002).

Here, Plaintiff alleges that Warden Fender is "in charge of the institution" and is therefore responsible for failing to intervene in his health care. (*See* Doc. No. 1 at 10-11).  He also alleges that Sheriff Greene "failed to act to get [Plaintiff] some medical attention" while Plaintiff was in the Sheriff's custody. (*Id.* at 10). Finally, Plaintiff alleges that Director Chambers-Smith failed to have her prison's medical staff monitor and report "these types of medical cases." (*Id.*).   Plaintiff's allegations against Fender, Chambers-Smith, and Greene consist solely of the administrative officials' supervisory responsibilities, and Plaintiff has alleged no facts indicating these defendants participated in the alleged unconstitutional conduct. Accordingly, Plaintiff's action against Warden Fender, Director Chambers-Smith, and Sheriff Greene must be dismissed.

Plaintiff also lists "Ms. Akien" as a defendant in the complaint but provides no specific allegations of wrongdoing. Where, as here, an individual is named as a defendant without allegations of discernible specific conduct relating to Plaintiff's purported claim, the complaint against this individual is subject to dismissal even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely

listing names in the caption of the complaint and alleging constitutional violations in the body of

the complaint is not enough to sustain recovery under § 1983.").

### C. Swanson, Gillespie, Witt, Williams, and Reberra

Finally, Plaintiff's deliberate indifference claims concerning the remaining defendants

(Swanson, Gillespie, Witt, Williams, and Reberra) are barred by res judicata. This is the second

case Plaintiff has filed against medical personnel for the purported inadequate medical treatment

of his third-degree burns in 2015. He filed an action in the Ashtabula County Court of Common

Pleas on September 19, 2018. *See Magby v. Sloan*, 2019 Ohio App. LEXIS 4392. On September

15, 2020, the trial court found that Plaintiff's allegations of inadequate medical treatment did not

state a claim under the Eighth Amendment. *See Magby v. Sloan*, 2021 Ohio App. LEXIS 3103,

at * 5-6. And on September 13, 2021, the Eleventh District Court of Appeals affirmed the trial

court's decision. *Id.* at * 11.[1]

The term "res judicata" literally means "a matter [already] judged." The doctrine of res

judicata bars duplicative litigation based on the same event or events. *Montana v. United States*,

440 U.S. 147, 153 (1979); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979). When

one court has already resolved the merits of a case, another court will not revisit them. *Id.* The

doctrine of res judicata therefore precludes a party from bringing a subsequent lawsuit on the

same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill*

*Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of

every issue actually brought before the Court and every issue or defense that should have been

raised in the previous action. *Id.* The purpose of this doctrine is to promote the finality of

---

[1] The Court takes judicial notice of the public dockets, opinions, and proceedings issued by other courts. *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (citation omitted).

judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1229 (6th Cir. 1981).

This case is banned by res judicata in two ways.  First, the claims and issues in this case were asserted against virtually the same defendants based on the same incident that was the subject of the Ashtabula County case. Plaintiff filed this virtually identical case against many of the same defendants approximately four months after the Eleventh District Court of Appeals affirmed the trial court's dismissal of Plaintiff's claims against the medical personnel. Plaintiff's addition of Judge Christian and Ms. Akien does not alter the nature of the underlying claims. It is apparent that Plaintiff is attempting to litigate that same case again in federal court in the hope of obtaining a different result.  Res judicata bars this action.

Furthermore, res judicata bars Plaintiff from relitigating in federal court the claims and issues that were previously decided by a state court. *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009). As previously indicated, the Ohio courts have already determined that Plaintiff has failed to demonstrate medical personnel provided inadequate medical care in violation of the Eighth Amendment. *See Magby v. Sloan*, 2021 Ohio App. LEXIS 3103. Plaintiff continues to assert these same claims here. Because those matters have been decided by the state court, res judicata bars the relitigation of those claims and issues in this court.

Moreover, even if Plaintiff's claims are not barred by res judicata, Plaintiff fails to state an Eighth Amendment claim on which relief can be granted. Failure to provide adequate medical treatment to a prisoner is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment only when it results from "deliberate indifference" to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). To state a claim, a prisoner must show that his medical condition posed a "substantial risk of serious

harm" to him and that the defendant in question acted with "deliberate indifference" to that risk. *See Farmer v. Brennan*, 511 U.S. 825, 828, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).

It is well established that "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle*, 429 U.S. at 106. "Deliberate indifference requires more than mere negligence, more even than medical malpractice." *Mitchell v. Hininger*, 553 F. App'x 602, 604 (6th Cir. 2014). "The defendant must know[] that inmates face a substantial risk of serious harm and disregard[ ] that risk by failing to take reasonable measures to abate it." *Id.*, citing *Farmer*, 511 U.S. at 847.

In evaluating an Eighth Amendment deliberate indifference claim, courts distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the prisoner claims he received inadequate medical treatment. *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). Unless the medical treatment a prisoner has received was "so woefully inadequate as to amount to no treatment at all," *Mitchell*, 553 F. App'x at 604, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

Here, Plaintiff admits in his complaint that he received some treatment for his injuries by the medical staff at LAECI. And the kites, requests, and informal complaints attached to his complaint indicate that Plaintiff has been examined by medical personnel and has received medications. Even accepting as true his contention that the care he received was improper and allowed his condition to worsen, his allegations at the most suggest claims for negligence and

medical malpractice. *See Estelle*, 429 U.S. at 107. These allegations are insufficient to support a plausible federal constitutional claim that the defendants acted with "deliberate indifference." Plaintiff therefore fails to state a claim under the Eighth Amendment.

### IV.  Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915A.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.



*David A. Ruiz* **May 13, 2022**

DAVID A. RUIZ
UNITED STATES DISTRICT JUDGE